Jessie James **WILSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44872.

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied June 28, 1972.

Howard O. Lake, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and F. M. Stover, Asst. Dist. Attys., Houston, and Jim D. Vollers, States' Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder where the jury assessed the punishment at life.

Jessie James Wilson, the appellant, was charged with killing Barbara Ruth Haynes Wilson, his common-law wife.

■ The first ground of error is as follows:

"The original statement of the Appellant was consistent with his testimony of calling the police to report the incident as it happened; namely, an accidental shooting resulting from a struggle."

Treating this as a contention that the evidence is insufficient to support a verdict of murder with malice, the evidence will be discussed.

The record reflects that Officer W. E. Branch of the Houston Police Department in response to a call went to appellant's home. When the officer arrived, Wilson told him that someone had shot through the door and hit his wife. The officer went to the back bedroom and found the dead woman. He then examined the door and found no bullet hole. He then gave Wilson his legal warning.[1]

After this warning, Wilson started crying and stated that he and his wife had an argument and that he shot her. He appeared to be intoxicated and belligerent. After some five or six minutes of interrogation, Wilson said he had hidden the gun and would reveal the hidding place when he "got good and ready." He took the officer to the back bedroom and pointed at the location of the pistol which was hidden underneath the mattress at the foot of the bed and stated that it was the pistol with which he shot his wife.

Officer Muckleroy testified that he arrived at the scene of the homicide and saw the deceased lying on the floor in the back bedroom with a gunshot wound in the left breast. He found several spent cartridges, two of which were on the bed beside the body of the deceased and one on the floor by the kitchen table. He testified that he examined the gun and found one shell in the chamber and another jammed in the slide. The clip of the gun contained two live rounds. He testified that a pistol like the one found would jam when fired rapidly. A gun holster and a box of shells were found in an open "hi-fi" cabinet in the living room.

---

1. The warning appears to be in compliance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and Article 38.22, Vernon's Ann.C.C.P. The court, after a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, -type hearing, made extensive findings that Wilson was properly warned and that the oral statement that followed was voluntarily made. The issue of voluntariness was also submitted to the jury.

R. R. Sillivan, a firearms examiner of the Houston Police Department, testified that the three spent cartridge hulls found in the house had been fired from the pistol which had been introduced. He also testified that the pistol was a cheap, inexpensive firearm which would tend to jam if fired rapidly.

Dr. Joseph Jachimczyk, Chief Medical Examiner for Harris County, testified that the cause of death was a gunshot wound in the chest. He testified that it was a non-contact wound, and that he found no powder burns on the deceased or her clothing and that the gun was at least twenty inches from her body when fired.

The appellant testified that his wife pointed the gun at him and during their struggle it went off accidentally and hit her. He claimed that the gun was fired only one time and that he had no idea where the spent cartridges on the bed came from. On cross-examination he denied telling the officers two different stories of how the shooting occurred.

The court instructed the jury on accident and the jury chose to accept the State's evidence.

We hold that the evidence was sufficient for the jury to conclude that the appellant committed murder with malice.

Next, complaint is made that the court erred in admitting the spent and the live cartridges and other exhibits found in the house because they created an unreasonable burden and "an atmosphere filled with flying missiles."

This ground of error does not comply with Article 40.09, Section 9, V.A.C.C.P., which provides that the appellate brief shall set forth separately each ground of error on appeal.

However, if a separate ground of error were submitted for each exhibit complained of, there still would be no error. The main issue was the question as to whether the gun was fired accidentally. Most of the evidence regarding the circumstances of the arrest tended to show that more than one shot was fired and was admissible to disprove appellant's theory.

No error is shown. The judgment is affirmed.